# In the United States District Court
## for the
## Western District of Texas

| Raymond Edward Mynes | § | |
|---|---|---|
| | § | |
| v. | § | |
| | § | SA-11-CA-1095-XR |
| United States of America | § | SA-10-CR-854 |

## ORDER

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed May 8, 2012 (docket no. 58) and Mynes's objections thereto (docket no. 66).   In addition, the Court reviewed all responses previously filed by Mr. Mynes.   After careful consideration and de novo review, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  On the other hand, any Report or Recommendation that is objected to requires de novo review.  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

**Analysis**

The Petitioner argues that the Government breached the plea agreement in his case by filing a sentencing memorandum that resulted in a ten-year sentence being imposed, rather than a guideline sentence of 70 to 87 months imprisonment.   In a thorough 33 page opinion the Magistrate Judge recommends that the Petitioner's motions to vacate be denied.

In his objections to the Magistrate Judge's Report and Recommendation, Petitioner argues that the Government breached the plea agreement.   The Court disagrees.   In the Plea Agreement, Petitioner acknowledged that he understood the range of possible punishment ("a maximum term of imprisonment of ten years").   *See* Paragraph 2 of Plea Agreement, docket no. 21.   He further acknowledged that "the Court has jurisdiction and authority to impose any sentence within the statutory maximum for this offense."   Id. at ¶¶ 2 and 3.   Petitioner also acknowledged the sentencing guidelines were advisory and that the Court could impose a greater sentence than the guideline range.   Id. at ¶ 5.   Although the Government agreed in the plea agreement it would not oppose acceptance of responsibility credit, the plea agreement provided that award of such credit was in the Court's discretion.   Id. at ¶ 5.   The Government and the Petitioner each reserved the right to "dispute sentencing factors or facts material to sentencing in the pre-sentence report."   Id. at ¶ 6.   Although Petitioner may have hoped for a guideline sentence, there is simply nothing in the plea agreement that the Government breached.   Petitioner simply omits from paragraph 5 of the Plea Agreement all language that refutes his argument.   Petitioner also incorrectly asserts that the Probation Officer drafting the Pre-Sentence Report essentially acts as the sentencing judge.

Petitioner also argues that his counsel was ineffective for failing to object to the breach of the plea agreement at time of sentencing.  As noted above, however, the Court finds that there was no breach.

**Conclusion**

Petitioner's motion to vacate (docket no. 44) is denied.  Petitioner's [amended] motion to vacate (docket no. 52) is denied.  Petitioner's motion to appoint counsel (docket no. 67) is denied.

Considering the record in this case and pursuant to Fed. R.App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the Magistrate Judge's report and recommendation filed in this case in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Accordingly, IT IS ORDERED that the motions to vacate are DISMISSED WITH PREJUDICE.

SIGNED this 5th day of September, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE